UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV 26-01374-MWF (DSR)**                    **Date:  April 8, 2026**

Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Petitioner:<br>None Present | Attorneys Present for Respondents:<br>None Present |

**Proceedings (In Chambers):**   ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER [6]

Before the Court is Petitioner Giovanny Alexander Alfaro Cruz's Motion for Temporary Restraining Order (the "TRO Motion") filed on March 27, 2026.  (Docket No. 6).  Respondents filed an Opposition on April 1, 2026.  (Docket No. 10).  Petitioner filed a Reply on April 3, 2026.  (Docket No. 11).

The TRO Motion is **GRANTED**.  Petitioner has demonstrated that his current detention is likely unlawful due to ICE's failure to comply with its own regulations in revoking Petitioner's OSUP.

## I.     BACKGROUND

Petitioner is a native and citizen of El Salvador who has resided in the United States since 2005.  (Petition (Docket No. 1) at 2).  Petitioner was placed in removal proceedings in 2009, and on March 31, 2014, an Immigration Judge ordered Petitioner removed but granted Petitioner's application for withholding from removal to El Salvador.  (*Id.*).

Because Petitioner's final removal order was not effectuated, he was instead placed under an order of supervision (or "OSUP") on February 2, 2016.  (*Id.* at 2–3; *see also id.*, Ex. 2).  Petitioner has remained released on an OSUP since that time, attending regularly scheduled check-ins with ICE.  (*Id.* at 2–3).

---

**CIVIL MINUTES—GENERAL**                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01374-MWF (DSR)**                    **Date:  April 8, 2026**
Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

At his most recent check-in on March 5, 2026, Respondents revoked Petitioner's OSUP and arrested him.  (*Id.* at 3).  Respondents provide that, on March 5, 2026, Petitioner received a "Notice of Revocation of Release" (Declaration of Jorge Preciado ("Preciado Decl.") (Docket No. 10-1), Ex. A), and an informal interview the same day.  (*Id.* ¶¶ 10–11).  On March 10, 2026, Petitioner was further served with a "Notice of Removal to Mexico."  (*Id.* ¶ 13).

In the Notice of Revocation, Respondents checked boxes indicating that the revocation was justified under 8 C.F.R. § 241.4(*l*), and specifically that "[i]t is appropriate to enforce the removal order entered against [Petitioner] as ICE has the ability and means to effectuate [his] removal."  (Notice of Revocation at 1).  Respondents further indicated on the Notice that "ICE is seeking a travel document to effect [Petitioner's] expeditious removal to Third Country."  (*Id.*).

## II.    **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01374-MWF (DSR)**                    **Date:  April 8, 2026**
Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

*Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

### III.    **DISCUSSION**

#### A.    **Likelihood of Success**

Petitioner argues that his detention violates due process principally because Respondents failed to comply with their own regulations in revoking his OSUP.  (*See generally* TRO Motion).

A noncitizen subject to a final order of removal must be removed within 90 days, subject to a potential 90-day extension.  8 U.S.C. § 1231(a)(1).  However, once that period passes, and the noncitizen is not removed, they "shall be subject to supervision under regulations prescribed by the Attorney General."  *Id.* § 1231(a)(3).  The noncitizen may be detained beyond the removal period under certain conditions, but "if released, shall be subject to the terms of supervision in paragraph (3)."  *Id.* § 1231(a)(6).

The parties dispute which regulations govern the revocation of Petitioner's OSUP.  Respondents contend that 8 C.F.R. § 241.4 applies (Opp. at 3–4), while Petitioner argues that 8 C.F.R. § 241.13 controls.  (Reply at 4–5).  Neither side explains why its preferred provision governs.  The Court need not resolve that question, however, because Petitioner has shown a likelihood of success even if Respondents' view is correct.  That is, even if § 241.1 governs the revocation of Petitioner's OSUP, the present record indicates that Respondents likely failed to comply with that regulation.

Under § 241.4, release previously granted may be revoked by the "Executive Associate Commissioner" or the "district director . . . when, in the district director's opinion, revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner."  8 C.F.R. § 241.4(*l*)(2).  To revoke release under § 241.4, the proper official must find that: (i) "[t]he purposes

---

**CIVIL MINUTES—GENERAL**                                                3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-01374-MWF (DSR)                    **Date:**  April 8, 2026
Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

of release have been served"; (ii) the noncitizen has violated a condition of release; (iii) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against" the noncitizen; or (iv) the noncitizen's conduct, "or any other circumstance, indicates that release would no longer be appropriate."  *Id.* § 241.4(*l*)(2).  "Upon revocation," the noncitizen must be "notified of the reasons for revocation of his or her release."  *Id.* § 241.4(*l*)(1).  And after being returned to custody, the noncitizen must "promptly" be provided with "an initial informal interview . . . to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification."  *Id.* § 241.4(*l*)(1).

**First**, although Petitioner concedes that he was provided with a Notice of Revocation, Petitioner has shown that the document likely failed to provide constitutionally and regulatorily adequate notice.

Both § 241.4 and § 241.13 "require, at a minimum, that ICE articulate a meaningful, individualized basis for revocation sufficient to give the noncitizen notice of the grounds for re-detention and an opportunity to respond."  *Vo v. Lyons*, No. 1:25-CV-533-JL-TSM, 2026 WL 323133, at *4 (D.N.H. Jan. 27, 2026).  Here, the Notice of Revocation provided to Petitioner stated only that his release was revoked under § 241.4(*l*) because (1) ICE determined "[i]t is appropriate to enforce the removal order entered against you as ICE has the ability and means to effectuate your removal;" and (2) "ICE is seeking a travel document to effect your expeditious removal to Third Country."  (*See* Notice of Revocation at 1).

The Notice therefore failed to meaningfully notify Petitioner "of the reasons for revocation."  8 C.F.R. § 241.4(*l*)(1).  "[C]ourts in this district and across the country have held that such vague, boilerplate statements are insufficient notice."  *Gutnik v. Bondi*, No. EDCV 26-00908-WLH (ACCV), 2026 WL 700546, at *2 (C.D. Cal. Mar. 5, 2026) (collecting cases and finding similar language insufficient under § 241.4); *see also Martinez v. Noem*, No. SACV 26-00361-KK (DTB) 2026 WL 538034, at *6 (C.D. Cal. Feb. 23, 2026).  The Notice identified no concrete facts supporting revocation and did not specify the third country to which ICE expected to remove Petitioner.  Without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **EDCV 26-01374-MWF (DSR)**     **Date:** **April 8, 2026**

Title: Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

that information, Petitioner lacked a meaningful opportunity to understand or contest the asserted basis for revocation.

*Second*, the record indicates that the required informal interview likely did not comport with due process.

The informal interview occurred on the same day that Respondents served the Notice of Revocation and arrested Petitioner.  (Preciado Decl. ¶¶ 10–11).  Courts considering similar circumstances have found due process concerns where the government conducts the informal interview immediately upon issuing a notice of revocation, thereby "essentially bar[ring] the noncitizen from being able to submit any evidence or information that may show revocation of their release is unlawful." *See, e.g.*, *Kiwana v. LaRose*, No. 3:25-CV-3678-JES-SBC, 2026 WL 102661, at *6 (S.D. Cal. Jan. 14, 2026); *Abdullah v. Noem*, No. 26-CV-176-BJC-BLM, 2026 WL 559774, at *3 (S.D. Cal. Feb. 27, 2026).  "What results from such a situation is a deprivation of any 'meaningful opportunity' for a petitioner to be heard on the incredibly important issue of re-obtaining their freedom." *Minassi v. Noem*, No. EDCV 26-00723-RGK (AYP), 2026 WL 923289, at *7 (C.D. Cal. Apr. 1, 2026).

That concern appears especially acute here.  The written statement Petitioner provided during his interview suggests that Petitioner did not understand the Notice he received and the reasons ICE was asserting for revocation of his OSUP.  (*See* Preciado Decl., Ex. B (form documenting informal interview)).

*Third*, to the extent that § 241.4 provides the grounds for the revocation of Petitioner's OSUP (as is claimed by Respondents and was claimed in the Notice of Revocation itself), there is no evidence that the revocation decision was made by an official vested with the requisite authority.

As previously discussed, § 241.4(*l*)(2) permits revocation by the "Executive Associate Commissioner" or a "district director" under specified conditions.  *See* 8 C.F.R. § 241.4(*l*); *see also Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 160 (W.D.N.Y. 2025) (holding that the "Executive Association Commissioner" referenced in § 241.4(*l*) now refers to the "Executive Associate Director of ICE").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-01374-MWF (DSR)**                **Date:  April 8, 2026**
Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

Here, however, the Notice states that the revocation was ordered by a
"Supervisory Detention & Deportation Officer," who is not one of the officials
identified in the regulation.  *See Gazazyan v. Bondi*, No. 5:25-CV-02599-SRM-DTB,
2025 WL 3898484, at *6 (C.D. Cal. Nov. 7, 2025*)* (concluding that "Supervisory
Detention Deportation Officer" likely did not have authority to revoke release under §
241.4(*l*)(2)).  "[S]everal federal courts . . . have held that a failure to adhere to the
requirement that an Executive Associate Director or a Field Office Director make the
determination to revoke release in compliance with 8 C.F.R. § 241.4 violates due
process and thus mandates release."  *Santamaria Orellana v. Baker*, No. 25-1788-
TDC, 2025 WL 2841886, at *4 (D. Md. Oct. 7, 2025).

Taken together, these deficiencies raise serious questions about the lawfulness of
the revocation of Petitioner's OSUP.  Respondents urge that "even if there were some
violation of a particular regulatory procedure here . . . the appropriate remedy would be
to rectify that specific procedural issue," rather than order Petitioner's release.  (Opp.
at 4).  But other courts confronted with similar facts have concluded that re-detention is
unlawful and have ordered release.  *See, e.g.*, *Gutnik*, 2026 WL 700546, at *3; *see also*
*Delkash v. Noem*, Case No. EDCV 25-01675-HDV (AGR), 2025 WL 2683988, at *5
(C.D. Cal. Aug. 28, 2025) ("These procedures are not optional or discretionary; they
must be followed, and failure to do so renders the detention unlawful."); *Phan v.
Noem*, No. 3:25-CV-02422-RBM-MSB, 2025 WL 2898977, at *3 (S.D. Cal. Oct. 10,
2025) ("ICE failed to comply with the required procedures, thereby violating
Petitioner's due process rights."); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025
WL 1993771, at *5 (E.D. Cal. July 16, 2025) ("[T]he court concludes that Petitioner
has shown a likelihood of success on the merits of his claims that his re-detainment is
unlawful because ICE has not complied with the controlling regulations to re-detain
him.").

Indeed, the "proper remedy" is Petitioner's immediate release from custody
because only that remedy "return[s] [Petitioner] to the status quo before his release was
improperly revoked."  *Hoang v. Noem*, Case No. CV 25-3177-JLS (RAO), 2026 WL
89319, at *5 (C.D. Cal. Jan. 12, 2026) (concluding that merely ordering ICE to provide
the "initial informal interview[,]" after "more than two months [of] re-detention, would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 26-01374-MWF (DSR)                **Date:**  April 8, 2026
Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

not cure the violation suffered by" petitioner); *see also Delkash*, 2025 WL 2683988, at *5 (collecting cases that have "unequivocally found that the government's failure to follow its release revocation procedures . . . renders the re-detention unlawful.").

Accordingly, Petitioner is likely to succeed on his claim that ICE violated its own regulations in re-detaining him and revoking his OSUP.

### B.      **Irreparable Harm**

It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  Where, as here, the "alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)).

Here, Petitioner has shown evidence that he has been deprived of due process (*i.e.*, notice and an opportunity to be heard regarding the revocation of his release), likely rendering his re-detention unlawful.

Accordingly, Petitioner has met his burden in establishing the second *Winter* factor.

### C.      **Balance of Equities and the Public Interest**

Where the government is the opposing party, the third and fourth Winter factors merge.  *Nken v. Holder*, 556 U.S. 418, 435 (2009); *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("When the government is a party, the last two factors merge.").  Further, a petitioner's "likelihood of success on the merits of a constitutional claim . . . tips [these] merged third and fourth factors decisively in his favor." *Baird v. Bonta*, 82 F.4th 1036, 1042 (9th Cir. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 26-01374-MWF (DSR)                    **Date:** April 8, 2026
Title: Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

Here, the government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law including its own regulations. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).  And an injunction is in the public interest where "a constitutional right has been violated, because all citizens have a stake in upholding the Constitution."  *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).  If any countervailing factors exist that the Court should consider in weighing the balance of the equities and the public interest, Respondents have failed to present them.

Accordingly, Petitioner has met his burden in establishing the third and fourth *Winter* factors.

### D.    **Bond Requirement**

Under Federal Rule of Civil Procedure 65(c), the Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'"  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (internal quotations omitted)).

Under the circumstances presented here, it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public."  *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).

Accordingly, the Court waives the bond requirement, and the TRO Motion is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  EDCV 26-01374-MWF (DSR)**                    **Date:  April 8, 2026**

Title:  Giovanny Alexander Alfaro Cruz v. Jaime Rios, et al.

## IV.    CONCLUSION

The TRO Motion is **GRANTED**.  All four *Winter* factors weigh in Petitioner's favor.  The Court **ORDERS** that:

- Respondents shall immediately **RELEASE** Petitioner from custody under the same terms of supervision that applied before his re-detention. Respondents shall file a notice of compliance to this effect by no later than **April 10, 2026**.

- Respondents are **ENJOINED** from re-detaining Petitioner unless they comply with the process required under 8 C.F.R. §§ 241.4(*l*)(1), 241.13(i).

A separate TRO shall issue.

As the parties are aware, this case has been referred to Magistrate Judge Daniel S. Roberts.  (Docket No. 3).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Roberts for decision.

IT IS SO ORDERED.